# EXHIBIT 2

# DATA PROCESSOR AGREEMENT

| | |
|---|---|
| Name of Client: | **Kinesso, LLC, a Delaware limited liability company with its principal place of business at 100 W 33rd Street, New York, NY 10001** |
| Name of Data Processor: | **Acxiom LLC** |
| Name of Partner: | **Adstra** |
| Job References: | The scope of the Acxiom project is for the processing of Adstra historical name and address matching repository to standardize the name and address fields to match the Acxiom file layouts. This output will only be used by Kinesso in their ID graph to optimize terrestrial ID assignments. |

This Data Processor Supplement (the "**Supplement**") is being provided by the above-named Data Processor ("**Processor**") for the benefit of the Client described above ("**Client**") in connection with the Job(s) and Partner described above ("**Partner**"). From time-to-time Client may prepare and provide Processor with Client Data (hereinafter "**Data**"), which includes Adstra Data it has licensed for use by Processor to provide services to the Partner. This Supplement applies to any Data that consists of personally identifiable information (PII), provided directly or indirectly to the Processor by the Client. For good and valuable consideration and intending to be legally bound, Processor agrees as follows:

1.      Processor acknowledges that the Data is and shall remain the property of Client, and that Processor will only use the Data as directed by Partner. Processor will not duplicate or compile any Data or provide the same in any form to any third party. Notwithstanding the foregoing, the Processor may provide the Data or derivative of the Data to the Partner. Except as done at the request of Partner or Client, and for the exclusive benefit of Client, Processor shall not conduct any analyses of the Data or otherwise use it to understand the nature, character or quality of the Data, nor shall Processor use any information it obtains as a result of its handling, processing or possession of the Data in connection with the creation, testing, promotion, marketing, selling and/or licensing of Processor's information, products or services. In performing the Job, Data may be processed or stored, in whole or in part, in an environment provided from any location by an established third-party cloud service provider (e.g., Amazon Web Services (AWS); Google Cloud; Microsoft Azure) that resides in a segmented, secured instance managed by Processor, its affiliates, or its or their subcontractors.

2.      Partner shall not provide to Processor any of the following information ("Prohibited Data"): (a) a government-issued identification number (e.g., Social Security Number, driver's license number, state identification number, or passport number); (b) a financial or customer account number, including financial institution or bank account number or a credit or debit card number; (c) information regarding an individual's health or medical condition, including Protected Health information, as defined in 45 CFR 160.103; (d) unique biometric data or digital representation of biometric data; (e) maiden name of the individual's mother; (f) an individual's digitized or other electronic signature; or (g) a user name, email address, or other unique electronic identifier or routing code that is sent in combination with a personal identification code, password, or security question and answer that would permit access to an online account. If Partner should transfer Prohibited Data to Processor in violation of this Section, Partner shall immediately notify Processor and inform Processor of the date, time, and other pertinent information related to the transfer so Processor may take the steps necessary to remove the Prohibited Data from its systems. Unless otherwise agreed, Partner must encrypt any personally identifiable information (PII), using industry standard encryption measures, before transferring such information to Processor over a public network or on physical media. Processor and Partner will adhere to any applicable laws and privacy guidelines.

3.      Partner acknowledges that it has the right and consumer consent to share the Data with the Processor and Client would suppress any Data for consumers who have opted-out of data sharing by the Client.

4.      This Supplement has a one year term and will autorenew annually, unless a party provides 90 days written notice prior to expiration of the agreement for any reason. Client Data provided under this Supplement, including any copies, shall be destroyed within one-hundred and eighty (180) days of the termination of this Supplement between Processor and Partner or by a written request by the Client. Processor shall retain no Client Data after such period.

5. If Processor wishes to change the location where the Data shall be sent, Processor shall notify Partner by email.

6. Each party represents and warrants to the other that its data has been legally obtained, and that it has the authority to provide its data to the other party for the purposes set forth herein.

7. Notwithstanding anything to the contrary in this Supplement, Processor, as a processor of Data on behalf of Client, shall not be liable to Partner for any damages which Partner may incur as a result of any misuse or unauthorized use of Data by Client. NEITHER PARTY SHALL BE LIABLE FOR ANY SPECIAL, INDIRECT, INCIDENTAL, OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, LOST INCOME OR LOST REVENUE, WHETHER BASED IN CONTRACT, TORT, OR ANY OTHER THEORY. EXCEPT FOR PARTNER'S DIRECT DAMAGES CAUSED BY PROCESSOR'S GROSS NEGLIGENCE OR INTENTIONAL MISCONDUCT, PROCESSOR'S AGGREGATE LIABILITY TO PARTNER SHALL NOT EXCEED $250,000.00.

**IN WITNESS WHEREOF**, Processor and Partner has signed and agreed this Supplement by a duly authorized representative effective as of the date of signature.

| Acxiom (Processor) | ADSTRA (Partner) |
|---|---|
| Signature: *Todd Thomas* | Signature: *Jason Bier* |
| Name: Todd Thomas | Name: Jason Bier |
| Title: Principal Partner Director | Title: General Counsel |
| Date: 10/11/21 | Date: 10/8/2021 |