UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADSTRA, LLC,

                Plaintiff,

v.

KINESSO, LLC and ACXIOM, LLC,

                Defendants.

Case No.: 1:24-cv-02639-LJL

**PROTECTIVE ORDER**

LEWIS J. LIMAN, United States District Judge:

    WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. As used in this Protective Order, these terms have the following meanings:

    a. The term "Confidential Information" means documents or information containing confidential or proprietary business, technical, personal, or financial information; commercially or competitively sensitive information, including confidential

1

      research or development information; and/or trade secrets. Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings, or at trial.

    b. The term "producing party" means any party or non-party who produces or supplies information, testimony, documents, or other materials used in this action;

    c. "Confidential – Attorneys' Eyes Only" documents are the subset of confidential documents designated as further explained in Paragraph 5;

    d. The term "documents" means all materials within the scope of Fed. R. Civ. 34;

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory response, other discovery response, and/or transcript (or testimony before the transcript is rendered), that it, in good faith, contends constitutes or contains trade secret or other Confidential Information.

3. All Confidential Information, along with the information contained in underlying documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraphs 4 and 5. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional litigation or other adversary proceeding.

4. Access to any Confidential Information shall be limited to:

    a. The Court and its personnel;

    b. Persons shown on the face of the document or in the document metadata to have authored, received, or to be the custodian of the document; provided, however, that such person(s) shall only be shown the document but not provided a copy to retain;

    c. Court reporters, videographers, or any other audio-visual technicians or specialists employed/used to preserve, prepare or present testimony or other evidence, to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing;

    d. All counsel of record in this matter and their assistants or paralegals to whom it is reasonably necessary to disclose the information for this litigation;

    e. In-house attorneys and their assistants or paralegals to whom it is reasonably necessary to disclose the information for this litigation;

    f. Officers, directors, and employees of either party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent

    reasonably necessary to allow them to provide that assistance;

  g. Outside independent persons (i.e., persons not currently employed by or otherwise affiliated with any party) who are retained by written agreement by a party or its attorneys (1) to furnish technical or expert witness services for purposes of this action, or (2) to provide assistance as litigation consultants, electronic discovery consultants, jury consultants, mock jurors or focus group members for purposes of this action, but only to the extent reasonably necessary to enable such outside independent persons to provide assistance and contingent on said persons agreeing in writing to the terms of this Protective Order.

  h. The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 4 may be expanded or modified by mutual agreement in writing signed by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

5. The parties shall have the right to further designate Confidential Information or portions thereof as "Confidential – Attorneys' Eyes Only" when the producing party, in good faith, believes that the information is Confidential and disclosure to certain persons in Paragraph 4 would likely cause economic harm or significant competitive disadvantage to the producing party. Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), (e), (g) and, as applicable, (h). The parties expressly reserve rights to seek relief precluding in-house counsel and their staff from accessing certain "Confidential – Attorneys' Eyes Only" information.

6. Prior to any disclosure of to any disclosure of any Confidential Information to any person referred to in subparagraphs 4(a), 4(c) or 4(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Confidential Information shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

8. With respect to the Confidential portion of any document other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said document with the confidential information redacted.

9. With respect to deposition transcripts, a producing party or that party's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the

transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

10. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of a document that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the document in writing, and thereafter such designated portion(s) of the document will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

11. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

12. A Party may be requested to produce Confidential Information that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential Information under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use the Confidential Information for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if

permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(F) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Information are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Information submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Information will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Information introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

18. Each person who has access to materials that have been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all documents designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

21. All persons subject to this Protective Order acknowledge that willful violation of this

Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: July 8, 2024
New York, New York

| **AGUILAR BENTLEY LLC** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: ___/s/ Anne Burton-Walsh___<br>Anna Aguilar<br>Anne Burton-Walsh<br>5 Penn Plaza, 19th Floor<br>New York, New York 10001<br>(646) 648-0469<br>aaguilar@aguilarbentley.com<br>aburtonwalsh@aguilarbentley.com<br><br>*Attorneys for Plaintiff Adstra, LLC* | By: ___/s/ Hal S. Shaftel___<br>Hal S. Shaftel<br>Daniel Friedman<br>One Vanderbilt Avenue<br>New York, New York 10017<br>(212) 801-9200<br>shaftelh@gtlaw.com<br>daniel.friedman@gtlaw.com<br><br>*Attorneys for Defendants Kinesso, LLC, and Acxiom LLC* |

SO ORDERED:

DATE: July 9, 2024

_____
LEWIS J. LIMAN
United States District Judge

Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: July 8, 2024
New York, New York

| **AGUILAR BENTLEY LLC** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: ___/s/ Anne Burton-Walsh___<br>Anna Aguilar<br>Anne Burton-Walsh<br>5 Penn Plaza, 19th Floor<br>New York, New York 10001<br>(646) 648-0469<br>aaguilar@aguilarbentley.com<br>aburtonwalsh@aguilarbentley.com<br><br>*Attorneys for Plaintiff Adstra, LLC* | By: ___/s/ Hal S. Shaftel___<br>Hal S. Shaftel<br>Daniel Friedman<br>One Vanderbilt Avenue<br>New York, New York 10017<br>(212) 801-9200<br>shaftelh@gtlaw.com<br>daniel.friedman@gtlaw.com<br><br>*Attorneys for Defendants Kinesso, LLC, and Acxiom LLC* |

SO ORDERED:

DATE: July 9, 2024

_____
LEWIS J. LIMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADSTRA, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>KINESSO, LLC and ACXIOM, LLC,<br><br>      Defendants. | Case No.: 1:24-cv-02639-LJL<br><br>**NON-DISCLOSURE AGREEMENT** |

LEWIS J. LIMAN, United States District Judge:

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____