```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ADSTRA, LLC,                                                           :
                                                                       :
                            Plaintiff,                                 :
                                                                       :      24-cv-2639 (LJL)
           -v-                                                         :
                                                                       :      MEMORANDUM AND
KINESSO, LLC and ACXIOM, LLC,                                          :            ORDER
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2024
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Adstra, LLC ("Plaintiff") moves by order to show cause to compel compliance with its discovery requests. Dkt. Nos. 61–62, 65–66. The motion is denied as untimely.

Plaintiff seeks an order compelling Defendants Kinesso, LLC and Acxiom, LLC ("Defendants") to produce documents responsive to four requests in Plaintiff's second set of requests for production of documents served on June 24, 2024 ("the June Document Requests") and two requests in its third set of requests for production of documents served on September 11, 2022 (the "September Document Requests"). Dkt. No. 66 at 2–3. It also seeks *in camera* inspection of four emails withheld on grounds of privilege and an order of inspection. *Id.* at 3. Plaintiff's motion is untimely.

Plaintiff initiated this action by complaint filed on April 8, 2024, Dkt. No. 1 and a proposed order to show cause filed on April 9, 2024, Dkt. No. 6. On May 1, 2024, the Court held a hearing at which it denied Plaintiff's request for a temporary restraining order but permitted expedited discovery. Dkt. No. 35 at 23; Dkt. No. 68 ¶ 7. On May 3, 2024, Plaintiff served its first set of requests for production of documents and a Rule 30(b)(6) notice of deposition on Defendants. Dkt.

No. 68 ¶ 9. Defendants responded to that request and produced documents on May 17, 2024. *Id.* ¶ 11.

The Case Management Plan and Scheduling Order adopted in this case on May 29, 2024, provided that initial requests for production of documents were to be served by June 13, 2024, and all fact discovery was to be completed no later than September 20, 2024. Dkt. No. 37 at 2. Expert discovery and all discovery was ordered to be completed by October 7, 2024 and summary judgment motions were to be filed by October 21, 2024. *Id.* At Plaintiff's request, on June 12, 2023, the deadline for requests for production of documents was extended to June 24, 2024. Dkt. No. 75-3. The June Requests were served on June 24, 2024. Dkt. No. 68 ¶ 17; Dkt. No. 68-2. At Plaintiff's request, Defendants agreed to extend the deadline for the response to those request to August 16, 2024. Dkt. No. 75-4. On September 6, 2024, Plaintiff moved for an amendment of the case management plan to permit fact discovery to continue to November 15, 2024. Dkt. No. 53. On September 10, 2024, the Court denied the motion without prejudice to an application for the reopening of any noticed depositions for good cause based upon newly-produced documents. Dkt. No. 57. The September Request was served one day after that order, and nine days before the close of fact discovery.[1] On September 19, 2024, Plaintiff submitted an unopposed motion for expert discovery to be extended until November 15, 2024. Dkt. No. 59. The Court granted that motion on September 20, 2024, and set a new deadline for summary judgment motions of November 29, 2024. Dkt. No. 60. On September 20, 2024, Plaintiff served its Request for

---

[1] On the same day, Defendants served Plaintiff with a request for production of documents, expressly stating and reserving the position that Adstra's September Document Requests were untimely but taking the position that if Adstra's requests were permitted so too should Defendants' requests be permitted. Dkt. No. 75-5 at 1.

2

Inspection of Documents and Objects, demanding a response within 14 days ("September Inspection Request"). Dkt. No. 68-9.

Plaintiff filed this motion by order to show cause three weeks after the close of fact discovery, on October 11, 2024. Dkt. Nos. 61–62, 65–66.

The motion to compel responses to the September Document Requests and September Inspection Request is untimely. The September Document Requests were served nine days before the close of fact discovery. The September Inspection Request was served on the day discovery closed. Those deadlines were not mere hortatory suggestions, to be followed or ignored at will. They were court-ordered. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) ("a scheduling order is an order just like any other order of the Court"). Federal Rule of Civil Procedure 34 permits the party to whom a request for documents or inspection is directed 30 days to respond. Fed. R. Civ. P. 34(b)(2)(A). Accordingly, when a scheduling order has been entered, a party must "seek leave from the court to serve Rule 34 requests that seek production or inspection after the cut-off date, whether service is accomplished before or after the cut-off date." 7 Moore's Federal Practice § 34.10[3], at 34-25 (2024); *see Kashi v. STMicroelectronics, Inc.*, 2018 WL 11491768, at *4 (E.D.N.Y. Mar. 30, 2018) (holding that "case law and statutory law requir[es] that discovery demands be served in advance of the fact discovery deadline so as to provide the opposing party with sufficient time to respond to those demands prior to the expiration of that deadline"); *Fitzgibbon v. Sanyo Sec. Am., Inc.*, 1994 WL 281928, at *3 (S.D.N.Y. June 22, 1994) (holding that document request was untimely when served fewer than 30 days before discovery cut-off); *Gavenda v. Orleans Cnty.*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date").

The motion to compel responses to the June Document Requests is also untimely. Defendants served their responses to those requests on the August 16, 2024 date requested by Plaintiff. Dkt. No. 75-4. Plaintiff argues that Rule 26 entitles it to production by Defendants of all documents concerning the subjects specified in first, second, tenth, and twentieth requests in the June Document Requests. Dkt. No. 66 at 2-3. For example, Plaintiff argues that "[a]llowing Defendants to produce only documents 'sufficient to reflect,' rather than all documents concerning, the use or removal of Adstra Data would obscure the extent of Defendants' use of Adstra Data, and the completeness or efficacy of that removal." *Id.* at 13. However, Defendants' responses to the requests challenged now by Plaintiff were unambiguous that Defendants would not produce all documents concerning the specified subjects. Defendants objected to Request No. 1, agreed in response to Request No. 2 to produce "non-privileged documents, if any, sufficient to reflect any use of Adstra Data in connection with the build of the Reference Graph or Derived Data," agreed in response to Request No. 10, to produce "non-privileged documents, if any, sufficient to reflect material communications concerning the removal of Adstra Data from any build(s) of the Reference Graph, Real ID and/or Visitor Insights," and agreed in response to Request No. 20 to produce "non-privileged documents, if any, sufficient to reflect the 'sequestering' of Adstra Data as referenced at the Acxiom 30(b)(6) Deposition." Dkt. No. 68-4. It was clear from those responses that Defendants were resisting the production of documents in response to Request No. 1 and agreeing to produce only limited documents in response to the remaining requests. Plaintiff need not have awaited Defendants' actual production of documents to challenge the document responses, *see* Dkt. No.79 at 3; Plaintiff could in August have moved to compel further production. If the motion had been well-founded, the Court could then have extended the period of fact discovery to permit compliance. There was no reason for Plaintiff to

wait until weeks after the close of fact discovery to raise this dispute with the Court. *See Klein v. City of New York*, 2017 WL 11709195, at *2 (S.D.N.Y. Sept. 26, 2017) (Sullivan, J.).

There is no good cause for Plaintiff's failure to have raised issues with respect to the June Document Requests earlier or to have served its September Document Requests and September Inspection Request within a time frame that would have permitted fact discovery to be completed as ordered and expert discovery to proceed. Plaintiff protests that between the entry of the scheduling order and the ordered close of fact discovery, it has conducted expedited discovery, prepared and responded to written discovery, taken depositions, and prepared documents for production and reviewed Defendants' production, as well as responding to a motion to dismiss and preparing for mediation. Dkt. No. 66 at 20. But all of that was to be expected when the Case Management Plan and Scheduling Order was entered and none of it excuses the failure to have made the requests earlier. Plaintiff also complains that Defendants should have consented to an extension of fact discovery and made a late production of documents. *Id.* at 21. However, Plaintiff's principal complaint is with the scope of the documents Defendants agreed to produce, *i.e.*, a complaint about its responses to the June Document Requests, which Plaintiff did not have to await a document production to make. If Plaintiff had an issue with respect to the Court's order denying a broad extension of discovery on September 10, 2024, it could have asked for reconsideration within the time period permitted for motions for reconsideration. It should not have waited until October 11, 2024, the time period during which expert discovery is to be conducted.

In any event, the requests for documents and inspection at this late date—even if entertained on the merits—are disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). The principal issues in this case relate to the interpretation of the contractual documents between

the parties and whether, even assuming the truth of Plaintiff's allegations, Defendants had the authority to use the data in the fashion it is alleged to have done. *See* Dkt. No. 45. The documents that have been produced are sufficient to demonstrate how Defendants have used Plaintiff's data. Plaintiff has not shown any deficiency with respect to documents going to the issue of damages.

The Court will review *ex parte* and *in camera* the four emails withheld on grounds of privilege. Defendants are directed to file the four emails under seal on the docket with access limited to Defendants and the Court.

The motion to compel is otherwise denied. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 62 and 66.

SO ORDERED.

Dated: November 12, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge