## GT GreenbergTraurig

Hal S. Shaftel
Tel 212.801.2164
Fax 212.801.6400
shaftelh@gtlaw.com

February 7, 2025

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:**   *Adstra, LLC v. Kinesso, LLC and Acxiom, LLC*, Case No. 1:24-cv-02639-LJL

Dear Judge Liman:

By its letter yesterday, plaintiff Adstra disputes confidentiality redactions covering <u>unrelated</u> matters on seven documents even though fact discovery closed <u>over four months</u> ago; expert discovery finished <u>over two months</u> ago; and summary judgment and *Daubert* motions were <u>fully</u> briefed <u>over a week</u> ago.  As much as Adstra grasps at the thirteenth hour for something, no matter how remote, to bolster a case which should proceed no longer, its application is both procedurally untimely and substantively baseless.

<u>Discovery is Long Over</u>:[1]  In rejecting Adstra's previous motion to compel discovery after the close of fact discovery, the Court held that "[t]hose deadlines were not mere hortatory suggestions, to be followed or ignored at will." ECF 81 at 3 (11/12/2024 Order). Not only is Adstra's latest application that much more untimely, but, as with the prior motion, it relates back to document requests issued on September 11, 2024 (only 9 days before fact discovery closed), which the Court already found were <u>themselves untimely</u>. *Id.* at 5. As the Court held, "[t]here is no good cause for Plaintiff's failure to have … served its September Document Requests … within a time frame that would have permitted fact discovery to be completed as ordered." *Id.* at 5; *see also Oliver v. Am. Express Co.*, 2022 WL 3366312, at *1 (E.D.N.Y. Aug. 12, 2022) (denying motion to compel discovery filed two months after close of fact discovery).

Although the September Requests were untimely, Defendants nonetheless agreed to produce, as a voluntary accommodation, information "sufficient to reflect" – not all (or full) documents – the *de minimis* sales of the sole Acxiom product (*i.e.*, the Real ID Graph) formerly developed with Adstra data input. To that end, back on October 1, 2024, Defendants produced seven documents consisting of three contracts and subsequent invoices while redacting portions

---

[1] Specifically, fact discovery closed September 20, 2024 (presumptive 6-month <u>outer</u> limit per Court's rules); expert discovery ended November 29, 2024; and summary judgment/*Daubert* motions were fully submitted on January 29, 2025.  ECF 37; 60.

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue  | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

concerning pricing/product utilization information for <u>distinct</u> products/services (unsurprisingly, most pages because adoption of the subject product has been marginal). Simultaneously, Defendants back then also produced a redaction log. The fact of the redactions was so well recognized by Adstra that, in its prior, failed motion to compel post-close discovery, it made passing reference to the "heavily redacted agreements" produced by Defendants. ECF 66 at 11. Evidently recognizing a lack of justification, Adstra did not seek relief with respect to the documents.  It was too late then, and it is even more so now. *See Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 948 F. Supp. 285, 294 (S.D.N.Y. 1996) (denying motion to compel made as here, after summary judgment briefing).

Even the very cases Adstra cites refute its own arguments (and none involve discovery after fully-briefed summary judgment motions were pending).  In *Doe v. Gooding*, 2023 WL 3047037 (S.D.N.Y. Apr. 24, 2023), the Court <u>denied</u> a motion to compel discovery (with the limited exception of witness names and addresses statutorily required (and subject to ongoing supplementation) under FRCP 26(a)(1)), where the motion to compel was filed "nearly five months" after the discovery deadline, characterizing that delay as "show[ing] an extreme lack of diligence." *Id*. at *4. Similarly, in *Bhatt v. Lalit Patel Physician P.C*., 2023 WL 2895935 (E.D.N.Y. Apr. 11, 2023), the Court largely <u>denied</u> a motion to compel, stating that "[t]o wait over two months following the close of discovery to seek third-party documents is quite the opposite of timely compliance with deadlines. It is a basis to deny the motion." *Id*. at *2.[2] In *Walia v. Napolitano*, 2015 WL 13753145 (E.D.N.Y. Aug. 6, 2015), there were no pending summary judgment motions, and movant had an "expectation that un-redacted versions of the Subject Documents would be produced" because the other side agreed to produce documents in response to <u>timely</u> requests. *Id*. at *1. In contrast, Adstra had no basis for such an "expectation" because (1) its requests were untimely; and (2) Defendants never agreed to produce all documents but stated, as a <u>voluntary accommodation</u> to <u>untimely</u> requests, that they would provide information "sufficient to reflect" specified Real ID Graph sales. That is exactly what Defendants did; indeed, they even could have provided "sufficient to reflect" information in other forms separate from documents containing other product/services information.

<u>No Substantive Basis for the Untimely Discovery</u>: Even aside from its procedural infirmities, Adstra's application for irrelevant information is unjustified. While Defendants agreed to produce documents sufficient to reflect revenue received from the Real ID Graph, they never agreed to produce "all documents" related to revenue more generally.  Rather, Defendants timely objected on various valid grounds, including that additional information is irrelevant as the only (even indirect) link between Adstra data and an Acxiom product is the Real ID Graph, and further that other information contains "trade secret, proprietary, personal, commercially sensitive, or other confidential information." ECF 69-11 at 7-10. No basis whatsoever exists to provide anything more than what Adstra received; indeed, the Court in response to Adstra's prior motion specifically recognized as much.[3] Contrary to Adstra's assertion, no hard-and-fast rule prohibits

---

[2] Inapt here, *Bhatt* only ordered plaintiff to produce documents she already expressly "agreed to produce … at her deposition." *Id.* at *2.  In contrast, Defendants <u>never</u> agreed to produce unredacted contracts and invoices.

[3] In its 11/12/2024 Order, the Court held that, beyond untimely, Adstra's "requests for documents and inspection at this late date—even if entertained on the merits—are disproportionate to the needs of the case. … The documents that have been produced are <u>sufficient to demonstrate</u> how Defendants have used Plaintiff's data. Plaintiff has not shown any deficiency with respect to documents going to the issue of damages." ECF 81 at 5 (emphasis added).

3

confidentiality redactions for commercially sensitive information; it is determined on a "case-by-case" basis. *Kaiser Aluminum Warrick, LLC v. US Magnesium LLC*, 2023 WL 2482933, at \*1 (S.D.N.Y. Feb. 27, 2023). To the extent that Adstra cites *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957 (S.D.N.Y. Mar. 3, 2022), the party disputing redactions not only served timely requests, and then filed a timely motion, during ongoing discovery, but the Court specifically found: "the redacted material is relevant to this action." *Id.* at \*1. Here, nothing is relevant about the terms of contracts for products/services unrelated to Adstra data.

Because Adstra's application is as procedurally improper as it is substantively purposeless, it should be rejected out of hand.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel