```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ADSTRA, LLC,                                                      :
                                                                  :
                        Plaintiff,                                :
                                                                  :     24-cv-2639 (LJL)
              -v-                                                 :
                                                                  :     MEMORANDUM AND
KINESSO, LLC, & ACXIOM, LLC,                                      :           ORDER
                                                                  :
                        Defendants.                               :
                                                                  X
-----------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

By order of February 21, 2025, the Court directed the parties to file letters addressing which of the documents filed under seal in connections with the motions to seal at Dkt. Nos. 87, 99, 113, 115, 139, 157, 180, 189, and 199 required continued sealing in light of the Court's Opinion and Order at Dkt. No. 203. Each party filed such a letter. Dkt. Nos. 206–207. The Court construes these letters as motions to seal and addresses them here. The motions are granted in part and denied in part.

I.   **Legal Framework**

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). "[A]ll documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access." *Id.* at 50. However, "the presumption of public access in filings

submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Id.* This is because a Court's "authority to oversee discovery and control the evidence introduced at trial . . . is ancillary to the court's core role in adjudicating a case." *Id.*

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *Courthouse News Serv. v. Corsones*, 2025 WL 758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 13–14 (1986)). "Courts have found that higher values include protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests . . . preventing danger to persons or property, and maintaining the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." *Id.* (citation omitted).

Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access, as the right of access to the courts would be compromised if, as a condition of that access, a party was forced to disclose the very secrets that it was trying to protect. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615–617 (2d Cir. 2009); *Bergen Brunswig Corp. v. Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510–511 (S.D.N.Y. 2015). In determining whether such information is properly sealed, courts may look to whether "the information [is] still relevant to the business" and "the degree to which a party would be competitively harmed if [the information] were

2

revealed." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (quotation marks and citation omitted).

## II. Defendants' Motion for Continued Sealing

Defendants' motion for continued sealing addresses three sets of documents. Dkt. No. 207. Defendants first seek continued sealing of a set of documents, identified in Appendix A to their motion, submitted in connection with motions for summary judgment. *Id.* at 2–3. For many documents in this category, Defendants seek to unseal portions of the document with limited redactions of confidential business information and the personally identifiable information of third parties. *Id.* "[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches.'" *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121). Defendants argue that for this set of documents, the presumption is overcome by the countervailing harm that would occur from the disclosure of confidential business information and trade secrets. Dkt. No. 207 at 2–3.

The Court has individually reviewed each document. *See Lugosch*, 435 F.3d at 116. For the vast majority of the documents in Appendix A which Defendants seek to maintain under seal, the Court agrees with Defendants that the presumption of public access is overcome by the countervailing interest in protection of confidential commercial information and trade secrets. The proposed targeted redactions of confidential information and personally identifiable information are "narrowly tailored to serve that interest." *Courthouse News Serv.*, 2025 WL 758028, at *4. The Court grants Defendants' motion with regards to all documents in Appendix A except Dkt. Nos. 134-1, 134-5, and 134-7. The redacted information in these three deposition transcripts plays a significant role in the Court's Opinion and Order of February 21, 2025, and

3

the "value of such information to those monitoring the federal courts" outweighs any remaining confidentiality interest. *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Those documents will be unsealed in full.

Defendants next seek continued sealing of certain documents submitted in connections with motions rendered moot by the grant of summary judgment to Defendants, listed in Exhibit B to Defendants' letter-motion. Dkt. No. 207 at 3–4, App'x B. Defendants argue that because the motions were rendered moot, these are not "judicial documents" subject to the presumption of public access. *Id.* This conclusion is not convincing. The Second Circuit has noted that a document is "'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49 (quoting *Amodeo I*, 44 F.3d at 145–46). Here, at least some documents submitted in connection with the moot motions, such as the reports of the parties' experts, were clearly relevant to the Court's decision that the motions were in fact moot.[1] In addition, the Second Circuit has recently reaffirmed that the presumption is one of "immediate public access." *Courthouse News Serv.*, 2025 WL 758028, at *5 (quoting *Lugosch*, 435 F.3d at 126). The documents clearly were judicial documents at the time they were filed, and it would be inconsistent with Circuit precedent for them to lose this status due to the way the court "ultimately rule[d]." *Brown*, 929 F.3d at 49.

---

[1] The Court found that it did not need to decide the motions to preclude expert testimony because "even assuming that Defendants' expert reports should be precluded and Plaintiff's expert reports should be admitted, Defendants are entitled to summary judgment." *Adstra, LLC v. Kinesso, LLC*, 2025 WL 552050, at *1 n.1 (S.D.N.Y. Feb. 19, 2025). This determination turns in part on whether the expert reports created disputed issues as to the material facts.

However, Defendants are correct that because motions for discovery and to preclude expert testimony are "ancillary to the court's core role in adjudicating a case," the weight of the presumption of public access to these documents is low. *Id.* at 50. After reviewing each of the documents, the Court agrees with Defendants that the requested sealing or redaction is justified to protect confidential business information and personally identifiable information of third parties in nearly all cases. However, Dkt. No. 116-7, which is a resume of an expert witness, and Dkt. No. 116-24, which discusses the qualifications of a Kinesso employee, are not properly sealed for these reasons. The qualifications of an employee, and *a fortiori* of an expert witness, who is retained to provide testimony in a case, are not confidential business information. Defendants' motion is granted as to all of the documents in Appendix B except Dkt. Nos. 116-7 and 116-24, which must be unsealed.

Finally, Defendants agree to the unsealing or partial unsealing of a number of documents, listed in Appendix C to their motion. Dkt. No. 208-3 at 7–8. For several of the documents Defendants propose to file with reduced redactions, it is not clear to the Court what redactions Defendants seek. Defendants propose that documents 103-8, 103-9, and 103-10 be unsealed with limited redactions, but the Court is unable to view the proposed redactions. Defendants are directed to re-file Dkt. Nos. 208-6, 208-7, and 208-8 with the redactions highlighted.

Defendants additionally propose reduced redactions to the parties' memoranda of law and statements of undisputed facts at Dkt. Nos. 105, 106,[2] 131, 150, 152, 166, 168, and 185. The Court agrees that the limited redactions to these documents proposed by Defendants in the

---

[2] Defendants' motion references Dkt. No. 112, which is a publicly filed document. The Court construes Defendants' motion as a request to maintain Dkt. No. 106, the sealed version of the same document, under seal.

paragraphs beginning "[i]n particular" in Appendix C are narrowly tailored to serve a strong countervailing interest in protecting confidential business information.

As to the remaining documents listed in Appendix C, the Court has individually reviewed the additional documents for which Defendants seek reduced redactions and agrees that the reduced redactions serve a countervailing interest in protecting commercially sensitive information that outweighs the presumption of public access. The motion is granted as to these documents. The Court will also unseal the documents which Defendants state may be unsealed in full.

### III.   Plaintiff's Motion for Continued Sealing

Plaintiff also seeks to maintain certain documents under seal to protect its confidential and sensitive commercial information and trade secrets. Dkt. No. 206. The Court agrees that for each of the documents identified in section II of Plaintiff's motion, the harm that would result from public disclosure of Adstra's confidential business information or trade secrets outweighs the presumption of public access. *See* Dkt. No. 206 at 2–3. The Court makes the same holding with regard to the documents identified in section I of Plaintiff's motion, excepting Dkt. Nos. 102-3, 102-7, 102-8, and 125-4. As to Dkt. Nos. 102-3, 102-7, 102-8, and 125-4, the motion is denied without prejudice to proposal of more limited redactions.

Adstra seeks to maintain under seal the same memoranda of law and statements of undisputed facts which Defendants have proposed to refile with limited redactions. As to these documents, Adstra's motion is denied without prejudice to the proposal of targeted redactions. Given the use of redacted information in the Court's Opinion and Order and the unsealing of exhibits containing other redacted information, the Court will not maintain these legal documents under seal in their current form. Defendants have already proposed refiling the legal documents

with much more limited targeted redactions, which the Court has agreed are justified to protect Defendants' confidential business information that has not already been disclosed in this litigation. If Plaintiff seeks similar targeted redactions to protect its confidential business information, it will identify the particular redactions sought by April 14, 2025. Otherwise, the Court will order the documents to be unsealed with only the limited redactions proposed by Defendants.

## IV.     Conclusion

The motions to continue sealing are GRANTED IN PART and DENIED IN PART.

Plaintiff will submit any proposed redactions to Dkt. Nos. 102-3, 102-7, 102-8, 105, 106, 125-4, 131, 150, 152, 166, 168, 174, and 185 by April 14, 2025. These documents will remain sealed pending the Court's ruling on such submission.

Defendants shall re-file their proposed redactions to Dkt. Nos. 103-8, 103-9, and 103-10 by April 14, 2025. These documents will remain sealed pending the Court's ruling on such submission.

Defendants shall publicly file versions of the following documents with the reduced redactions identified in their motion: Dkt. Nos. 102-17, 103-4, 103-11, 103-12, 103-14, 103-18, 103-20, 104-13, 104-14, 104-15, 104-16, 120-1, 125-1, 148-5, 148-6, 173-6.

The Clerk of Court is respectfully directed to unseal the following documents: Dkt. Nos. 88; 89, 89-2; 90; 100; 101; 102, 102-2, 102-4, 102-5, 102-10, 102-11, 102-13, 102-14, 102-15, 102-16, 102-20; 103, 103-1, 103-2, 103-3, 103-5, 103-6, 103-7, 103-17, 103-19; 104, 104-5, 104-6, 104-9, 104-10, 104-11, 104-12, 104-18; 114; 116, 116-1, 116-3, 116-4, 116-5, 116-7, 116-13, 116-22, 116-24, 116-25; 120; 125-4; 129; 134, 134-1, 134-2, 134-3, 134-4, 134-5, 134-6, 134-8, 134-9, 134-10, 134-11, 134-12, 134-13, 134-14, 134-15, 134-17, 134-18, 134-20, 134-

21, 134-22, 134-23, 134-26, 134-27, 134-29, 134-30, 134-31, 134-32, 134-36, 134-37, 134-38, 134-39, 134-41, 134-42, 134-45; 140, 140-1, 140-6, 140-7, 140-9; 141; 146, 146-1, 146-5; 147; 148, 148-2, 148-3, 148-4, 148-7, 148-8; 149; 151; 164, 164-1, 164-2, 164-3, 164-4, 164-5, 164-6; 170; 173, 173-1, 173-3, 173-5; 177, 177-4; 181; 186, 186-1; 192; 194, 194-1, 194-2, 194-3; 196.

SO ORDERED.

Dated: March 31, 2025
New York, New York

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　LEWIS J. LIMAN
　　　　　　　　　　　　　　　　　　　　United States District Judge