UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADSTRA, LLC,<br><br>             Plaintiff,<br><br>   v.<br><br>KINESSO, LLC and ACXIOM, LLC,<br><br>             Defendants. | Case No.: 1:24-cv-02639-LJL<br><br>**SUPPLEMENTAL DECLARATION OF HAL S. SHAFTEL IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

I, HAL S. SHAFTEL, pursuant to 28 U.S.C. § 1746, hereby state and declare as follows under penalty of perjury:

1. I am a shareholder in the law firm of Greenberg Traurig, LLP ("Greenberg Traurig") and lead counsel to Defendants Kinesso, LLC ("Kinesso") and Acxiom, LLC ("Acxiom") (collectively, "Defendants") in this action. I submit this Supplemental Declaration in further support of Defendants' pending motion for recovery of attorneys' fees and expenses.

2. As derived from the Greenberg Traurig billing records, including daily time entries, attached hereto as **Exhibit 1**, the following chart totals, as of February 28, 2025, the hours billed by each timekeeper as well as the individual's approximate actual billed rate. Additionally, the individual's standard rate for, respectively, 2024 and 2025 are included for reference.

| Name | Hours | Approximate Billed Rate | 2024 Rate | 2025 Rate |
|---|---|---|---|---|
| Samantha DiNardo | 790.20 | $554.00 | $695.00 | $825.00 |
| Daniel Friedman | 762.40 | $883.00 | 1,095.00 | $1,250.00 |
| Daniel Kosove | 35.50 | $788.00 | $1,050.00 | $1,150.00 |
| Oleg Opsha | 8.00 | $183.00 | $215.00 | $215.00 |
| Stewart Pollock | 609.00 | $569.00 | $695.00 | $825.00 |
| Tina Ramirez | 9.30 | $308.00 | $470.00 | $515.00 |
| Hal Shaftel | 421.80 | $1,421.00 | $1,795.00 | $1,905.00 |
| Megan Sheffield | 102.30 | $360.00 | $325.00 | $345.00 |

3.      After applying courtesy discounts provided as an accommodation by Greenberg Traurig to these billings given our relationship with the clients' parent entity, the fees for Greenberg Traurig's work totaled $2,117,524.47 for this matter as of February 28, 2025.  By comparison, if standard rates instead were used, the fees would have equated $2,713,051.50. Accordingly, the Greenberg Traurig billings reflect discounts of approximately 22% below its standard rates.

4.      For its work on Defendants' behalf, Greenberg Traurig also did not charge, in accordance with Defendants' policies, for expenses related to local travel and meals incurred in connection. As such, these expenses were not included in Greenberg Traurig's billings to Defendants.

5.      The bulk of the efforts undertaken, and costs incurred, in the defense of Adstra's claims directly related to Acxiom, including: (a) all six of Defendants' deposed fact witnesses were either current or former employees of Acxiom (only one of them previously worked for Kinesso); (b) Adstra only took a corporate representative deposition of Acxiom; (c) Defendants produced more than 25 times as many pages of discovery under an ACXIOM bates number as under a KINESSO bates number; and (d) Acxiom alone directly paid the two rebuttal experts (Bala Dharan regarding damages and Ron Schnell regarding technical issues) who were retained in response to Adstra's affirmative experts, who principally focused their opinions on Acxiom.  Bala Dharan and Ron Schnell, respectively, charged their standard rate for these retentions.

6.      As explained above, **Exhibit 1** is a true and correct copy of the billing records reflecting attorneys' fees and related expenses charged by Greenberg Traurig to Defendants from April 2024 through February 2025.  The records are divided by tabs in accordance with monthly billing cycles.

2

7.      Attached hereto as **<u>Exhibit 2</u>** is a true and correct copy of the billing records reflecting the travel expenses for a deposition, court hearing, and the mediation incurred by Defendants' personnel in connection with this litigation.

8.      Attached hereto as **<u>Exhibit 3</u>** is a true and correct copy of the billing records from the consulting firm BRG for work performed in connection with the retention of Acxiom's damages expert Bala Dharan. The records are divided by tabs in accordance with monthly billing cycles.

9.      Attached hereto as **<u>Exhibit 4</u>** is a true and correct copy of the billing records from BRG for worked performed in connection with the retention of Acxiom's technical expert Ron Schnell. The records are divided by tabs in accordance with monthly billing cycles.

10.     Attached hereto as **<u>Exhibit 5</u>** is a true and correct copy of Defendants' data vendor's billing records, with the amount directed to and paid by Acxiom.

11.     Attached hereto as **<u>Exhibit 6</u>** is a true and correct copy of Adstra's March 31, 2025, Letter to the United States Court of Appeals for the Second Circuit setting the presumptively latest deadline of June 17, 2025, to file its appellate brief.

Executed this 1st day of April, 2025, in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Hal S. Shaftel_

HAL S. SHAFTEL

3
