USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/09/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADSTRA, LLC,

Plaintiff,

-v-

KINESSO, LLC, et al.,

Defendants.

24-cv-2639 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Pending before the Court is a letter motion by Defendants Kinesso, LLC and Acxiom, LLC requesting to seal monthly billing records of Greenberg Traurig, LLP, in full. Dkt. No. 216. The records have been filed under seal with limited redactions for "privileged and work production information." *Id.* at 1. Full sealing is sought to protect confidential information regarding Greenberg Traurig, LLP's business and litigation practices. *Id.*

The Court resolved the issue of attorneys' fees in its April 9, 2025 Memorandum and Order. Dkt. No. 224. In making its determination as to fees, the Court relied on the billing records, rendering the records "judicial documents" to which a presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Because the motion for attorneys' fees is a "non-dispositive motion," the "presumption of public access accorded . . . is 'generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions.'" *Giuffre v. Maxwell*, 146 F.4th 165, 177–78 (2d Cir. 2025) (quoting *Brown v. Maxwell*, 939 F.3d 41, 50 (2d Cir. 2019)). "[A] court must still articulate specific and substantial reasons for sealing such material, [though] the reasons usually

need not be as compelling as those required to seal summary judgment filings." *Brown*, 929 at 50. Moreover, "[w]hile it is true that information that is subject to the attorney-client privilege and/or the work product doctrine properly may be sealed," *Fearnley Sec., Inc. v. Iwatani Corp. of Am.*, 2026 WL 1080331, at *13 (S.D.N.Y. Apr. 6, 2026), courts in this District have denied requests to seal billing records in full that go beyond redactions as necessary to protect such privileged material. *See, e.g.*, *EscapeX IP, LLC v. Google LLC*, 2025 WL 1636726, at *1 (S.D.N.Y. June 9, 2025) ("[B]ecause Defendant's billing records have already been redacted to remove any privileged information, the redacted billing records cannot be sealed in their entirety and the redacted records must be filed on the public docket."); *Ottoson v. SMBC Leasing & Fin., Inc.*, 2021 WL 839437, at *3 (S.D.N.Y. Mar. 5, 2021) (granting sealing as to "redacted portions of the billing records [that] contain attorney work product and attorney-client communications"); *Paychex, Inc. v. Salazar*, 2021 WL 4840856, at *1 (W.D.N.Y. Oct. 18, 2021) ("Attorney billing rates are routinely and uncontroversially included in motions and judicial orders. Th[e] [public] interest outweighs whatever speculative disadvantage the firm believes it will be placed at from revealing billing rates in one particular proceeding." (citation modified)); *see also Richards v. Kallish*, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023) (granting sealing where "the parties did not directly place . . . fees and costs at issue").

Greenberg Traurig, LLP contends that there is "no genuine public benefit from allowing general access" to its billing records. Dkt. No. 216 at 1. The First Amendment and the common law, however, require the court to presume that there is at least some public value in public disclosure of a document filed in court that is relevant to the judicial function. *See generally Lugosch*, 435 F.3d 110. Though a specific and substantial reason may overcome the presumption of public access, Greenberg Traurig, LLP's claim of competitive harms is

conclusory. It states that disclosure of even the unprivileged portions of the billing records presents a risk to it of "unnecessary harm . . . in future dealings with adverse parties who will gain insights into their handling of litigation, as well as with law firms negotiating with them for retentions." Dkt. No. 216 at 2. But the claim that Greenberg Traurig, LLP makes could be made by any firm required to submit its billing records to support a fee request. And it is inherent to a court's determination of the reasonableness of such a request that the court will consider and likely disclose the nature of the requestor's work in the handling of the litigation. *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 2024 WL 3409278, at *4 (S.D.N.Y. July 15, 2024) ("[T]he 'starting point' . . . in analyzing whether claimed attorneys' fees are appropriate is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" (quoting *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)); *Bliven v. Hunt*, 579 F.3d 204, 214 (2d Cir. 2009) ("[T]he court performs a judicial function in assessing the attorney's documentation as to how the hours charged were spent and determining whether, in light of the case itself, the fee requested is one that is 'reasonable.'"). Accordingly, the motion is DENIED.

The Clerk of Court is respectfully directed to unseal Dkt. No. 218 and close Dkt. No. 216.

SO ORDERED.

Dated: October 9, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge